<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SAMUEL RIVERS, | |
| Plaintiff, | Civil Action No. 15-3070 (SRC) |
| v. | |
| | **OPINION & ORDER** |
| NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO, LOCAL 673 et al., | |
| Defendants. | |

**<u>CHESLER</u>, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants National Association of Letter Carriers AFL-CIO ("NALC")[1], National Association of Letter Carriers AFL-CIO (Regional) ("NALC 15")[2], Larry Cirelli, Bruce Didriksen[3], and Daniel Cunningham (collectively, "Defendants"). For the reasons stated below, the motion to dismiss will be granted in part and denied in part.

This case arises from a dispute between an employee and his union over an employment grievance. In brief, the Complaint alleges that the union refused to file and process Plaintiff's grievance. On this motion, the moving Defendants are the national union (NALC), the regional

---

[1] NALC contends that the Complaint incorrectly names the union parent entity as "National Association of Letter Carriers AFL-CIO, International" and that this entity should properly be named "National Association of Letter Carriers AFL-CIO."

[2] NALC 15 contends that it should properly be named "National Association of Letter Carriers AFL-CIO, NALC Region 15."

[3] Defendants contend that Plaintiff has misspelled "Didricksen" as "Dedrickson" in the caption.

branch of the union (NALC 15), and three union officials. The Complaint asserts four claims: 1) breach of the duty of fair representation, against the union; 2) violation of 42 U.S.C. § 1983, against Daniel Cunningham; 3) violation of the New Jersey Law Against Discrimination ("NJLAD"), against the union; and 4) violation of the New Jersey Civil Rights Act, against Daniel Cunningham.

The caption of this case names as defendants, *inter alia*, Local 673 of the National Association of Letter Carriers, the regional branch of the National Association of Letter Carriers (which this Court understands to be NALC 15), and "National Association of Letter Carriers AFL-CIO International." The instant motion has been brought by the national union (NALC), the regional branch (NALC 15), and the individual Defendants.

Defendants first argue that the claims against Defendant Cunningham should be dismissed for failure to effect timely and proper service. Plaintiff responds that he made diligent, good faith efforts to properly serve Cunningham, and asks that his time to serve Cunningham be extended for good cause, as he diligently attempted to locate him but had difficulty doing so. At the time the Complaint was filed, Federal Rule of Civil Procedure 4(m) required service to be effected within 120 days. There is no dispute that Plaintiff failed to serve Cunningham within this time. Rule 4(m) also states: "But if the plaintiff shows good cause for the failure [to timely serve], the court must extend the time for service for an appropriate period." Plaintiff has shown good cause for the failure to effect timely service, and the time for service will be extended for 30 days from the date of entry of this Order. The motion to dismiss for failure to effect timely and proper service will be denied.

Defendants next argue that the duty of fair representation claim against the individual

Defendants should be dismissed, and Plaintiff agrees.  The duty of fair representation claim against the individual Defendants, Count One, will be dismissed with prejudice.

Defendants next contend that the duty of fair representation claim against NALC and NALC 15 should be dismissed for failure to allege sufficient facts to make plausible a valid claim for relief.  The Complaint alleges no facts concerning NALC or NALC 15, nor about any identified employee of these Defendants, and thus fails to state a valid claim against NALC and NALC 15 under Iqbal.  As to the motion to dismiss Count One against NALC and NALC 15, the motion will be granted, and, as to Defendants NALC and NALC 15, Count One will be dismissed without prejudice.

Defendants next argue that Count Two fails to state a valid § 1983 claim against Cunningham because § 1983 applies only to state actors.  Plaintiff does not address this point in his opposition brief, and this Court construes this as a concession that Defendants are correct.  Count Two will be dismissed with prejudice.

Lastly, Defendants move to dismiss Count Three, contending that the Complaint does not state sufficient facts to make plausible that NALC violated NJLAD.  The Complaint alleges no specific facts to make plausible a claim that NALC violated NJLAD.  As to Count Three, the motion to dismiss will be granted, and Count III will be dismissed without prejudice.

Defendants' moving brief does not seek dismissal of Count Four, but the reply brief does.  New arguments in the reply brief are waived.  Anspach v. City of Philadelphia, 503 F.3d 256, 259 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it.")  Although Defendants' position may have merit, it will not be considered on this motion.  Should Defendants wish to pursue the point, they might consider a Rule 12(c) motion.

For these reasons,

**IT IS** on this 1st day of February, 2016,

**ORDERED** that Defendants' motion to dismiss the Complaint (Docket Entry No. 7), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Defendant Cunningham only, the motion to dismiss for failure to effect service is **DENIED**, and the time for service will be extended for 30 days from the date of entry of this Order; and it is further

**ORDERED** that, as to Count One against Defendants Larry Cirelli, Bruce Didriksen, and Daniel Cunningham only, the motion to dismiss is **GRANTED**, and Count One is hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to Count One against Defendants NALC and NALC 15 only, the motion to dismiss is **GRANTED**, and Count One is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that, as to Count Two, the motion to dismiss is **GRANTED**, and Count Two is hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to Count Three, the motion to dismiss is **GRANTED**, and Count Three is hereby **DISMISSED** without prejudice.

                                                                         s/ Stanley R. Chesler  
                                                                       Stanley R. Chesler, U.S.D.J.