<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SAMUEL RIVERS, | |
| Plaintiff, | Civil Action No. 15-3070 (SRC) |
| v. | |
| NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO, LOCAL 673 et al., | **OPINION & ORDER** |
| Defendants. | |

<u>**CHESLER**</u>, <u>**U.S.D.J.**</u>

This matter comes before the Court on the motion to dismiss the Complaint for failure to serve by Defendant Daniel Cunningham ("Cunningham"). For the reasons stated below, the motion to dismiss will be granted.

This case arises from a dispute between an employee and his union over an employment grievance. The background to this motion is as follows. On February 1, 2016, this Court entered an Opinion and Order which: 1) granted in part and denied in part Defendants' motion to dismiss the Complaint; and 2) Ordered that, as to Defendant Cunningham only, the motion to dismiss for failure to effect service was denied, and the time for service was extended for 30 days from the date of entry of the Order. Cunningham now moves again to dismiss the Complaint for failure to serve.

Plaintiff does not dispute that Cunningham has still not been properly served. Plaintiff argues, however, that the effect of the dismissals in the February 1, 2016 Opinion and Order was to eliminate all remaining claims against Cunningham, and so service was impossible. Plaintiff is

wrong.  Count IV of the Complaint expressly asserts a claim against Cunningham for violation of the New Jersey Civil Rights Act.  The Opinion and Order of February 1, 2016 clearly stated that Count IV had not been properly challenged on that motion and would not be addressed at that time.  Count IV remained an active claim against Daniel Cunningham after entry of the February 1, 2016 Order, but not after today: Cunningham's motion to dismiss for failure to effect proper service will be granted and, as to Defendant Cunningham only, the Complaint will be dismissed without prejudice.

The Court has considered the potential for a dismissal without prejudice to operate as a dismissal with prejudice if the statute of limitations has run.  Cf. Balyan v. Baldwin, 566 Fed. Appx. 175, 176 (3d Cir. 2014).  This Court concludes that, nonetheless, a decision to dismiss under these circumstances is just.  The Court denied the previous motion to dismiss for failure to effect service when Plaintiff offered an explanation for the failure, and gave Plaintiff an extension of time to serve.  Rather than make an effort to comply with the service requirement, Plaintiff allowed the extended time to serve to expire.  It was only after Cunningham renewed the motion to dismiss for failure to serve that Plaintiff took action.  The action Plaintiff took, however, was to file an Amended Complaint without obtaining Defendants' consent or seeking leave of the Court, contrary to the requirements of Federal Rule of Civil Procedure 15(a)(2), asserting new claims against Cunningham which Plaintiff believes will be viable.

Plaintiff has still not served Cunningham with the Complaint in compliance with Federal Rule of Civil Procedure 4(m), which states:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause

for the failure, the court must extend the time for service for an appropriate period. Because Plaintiff has not shown good cause for his failure to serve Cunningham, even after the time for service was extended, Rule 4(m) requires a dismissal without prejudice.[1]

For these reasons,

**IT IS** on this 13th day of April, 2016,

**ORDERED** that Cunningham's motion to dismiss the Complaint (Docket Entry No. 22) is **GRANTED** and, as to Defendant Cunningham only, the Complaint is hereby **DISMISSED** without prejudice.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

---

[1] It has now been almost one year since the filing of the Complaint.