# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SAMUEL RIVERS,

    Plaintiff,

v.

NATIONAL ASSOCIATION OF LETTER
CARRIERS, AFL-CIO, LOCAL 673 et al.,

    Defendants.

Civil Action No. 15-3070 (SRC)

**OPINION**

**CHESLER, U.S.D.J.**

This matter comes before the Court on the Report and Recommendation issued by Magistrate Judge Waldor on August 16, 2016, and the Report and Recommendation issued by Magistrate Judge Waldor on May 9, 2017. For the reasons stated below, this Court agrees with both Reports and Recommendations and will adopt them as the Opinion of this Court.

In 2015, Plaintiff filed a Complaint alleging discrimination by a labor union which asserted four claims: 1) breach of the duty of fair representation; 2) violation of the right to equal protection; 3) violation of New Jersey's Law Against Discrimination ("NJLAD"); and 4) violation of the New Jersey Civil Rights Act ("NJCRA"). The Complaint named as defendants three labor union entities and three individuals alleged to be officers or administrators of these labor union entities.

On February 6, 2016, this Court granted in part a motion to dismiss and dismissed some parts of the first three claims with prejudice and some parts of the first three claims without prejudice. On April 13, 2016, this Court granted Defendant Daniel Cunningham's motion to dismiss the Complaint and dismissed the claims against him without prejudice.

Although the Order of February 6, 2016 did not grant Plaintiff leave to file an Amended Complaint, Plaintiff did so on April 4, 2016, followed by a motion for leave to file an Amended Complaint. On August 9, 2016, Magistrate Judge Waldor denied the motion for leave to file an Amended Complaint. After the time to appeal the Magistrate Judge's decision had run, this Court *sua sponte* closed the case, as there were no pending claims. On September 7, 2016, Plaintiff filed a motion for reconsideration of Magistrate Judge Waldor's decision, pursuant to Federal Rule of Civil Procedure 59(e). On April 11, 2017, this Court reopened the case, and ruled that: 1) Magistrate Judge Waldor's decision of August 9, 2016 would be construed as a Report and Recommendation; and 2) the pending motion for reconsideration would be heard by Magistrate Judge Waldor.

This Court now has before it two decisions of Magistrate Judge Waldor. both of which it construes as a Report and Recommendation: 1) the August 9, 2016 Report and Recommendation, which recommended that the motion for leave to amend be denied; and 2) the May 9, 2017 Report and Recommendation, which found no grounds to reconsider the August 9, 2016 Report and Recommendation. A magistrate judge's recommended disposition of a dispositive matter is subject to *de novo* review. In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); Fed. R. Civ. P. 72(b)(3).

In moving for reconsideration, Plaintiff raised two objections to Magistrate Judge Waldor's recommendation to deny leave to amend the Complaint: 1) the ruling on the duty of fair representation is based on a mistake of fact; and 2) the ruling on the NJLAD claim is based on a mistake of fact.

Plaintiff first argued that the Magistrate Judge's decision with regard to the duty of fair

representation claim rests on a mistake of fact, but does not explain what constitutes that mistake of fact. This Court reviews the Magistrate Judge's recommendation *de novo*. As to Plaintiff's duty of fair representation claim against NALC and NALC 15, this Court dismissed that claim without prejudice on February 1, 2016. A six-month statute of limitations applies to this claim. Hersh v. Allen Products Co., 789 F.2d 230, 232 (3d Cir. 1986). "[T]he statutory period begins to run when the plaintiff receives notice that the union will proceed no further with the grievance." Id. Thus, the latest possible date on which the limitations period could have commenced is the date that the original Complaint was filed, which is April 30, 2015. "[A] complaint that is subsequently dismissed without prejudice is treated for statute of limitations purposes as if it never existed." Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). Plaintiff moved for leave to file an Amended Complaint on April 24, 2016. The six-month statute of limitations period on the duty of fair representation claim had run out at least six months previously. The Magistrate Judge did not err in concluding that this claim was time-barred.

The next issue concerns the claim against NALC Branch 38. The original complaint named as a defendant NALC Local 673, which never appeared in the case. In Plaintiff's amended motion for leave to amend, Plaintiff stated: "NALC Local Union 673 was dissolved and became Branch 38. Branch 38 is the successor Local to Local 673." (Pl.'s Br. at 2, Docket Entry No. 35.) In moving to file an Amended Complaint, Plaintiff submitted a proposed Second Amended Complaint with a duty of fair representation claim against Branch 38. Magistrate Judge Waldor correctly held that such a claim could only avoid the six-month statute of limitations if it related back to the Complaint, pursuant to Federal Rule of Civil Procedure 15(c)(1), which states, in pertinent part:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when: . . .
>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Because the proposed claim against Branch 38 changes the party or the naming of the party against whom the claim is asserted, Rule 15(c)(1)(C) controls the decision on whether the proposed amendment relates back, and Magistrate Judge Waldor correctly recognized this. The Magistrate Judge's Report and Recommendation contains a detailed analysis of this issue.

Notice may be actual or constructive. <u>Garvin v. City of Philadelphia</u>, 354 F.3d 215, 222 (3d Cir. 2003). Plaintiff does not contend that Branch 38 received actual notice. Therefore, Plaintiff must demonstrate that Branch 38 received constructive notice. The Third Circuit has recognized two methods for demonstrating constructive notice:

> The first is the "shared attorney" method, which is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, "the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary*, 266 F.3d at 196. The second is the "identity of interest" method, and is related to the shared attorney method. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 197.

<u>Garvin</u>, 354 F.3d at 222-223. Magistrate Judge Waldor made two key observations. First, Plaintiff's original brief in support of its motion to amend says nothing about the statute of limitations, relation back or notice, whether constructive or actual. Plaintiff's brief states that Local 38 is the successor to Local 673, but does not address any legal issues regarding the

4

substitution of Local 38 for Local 673 as a defendant.  Second, over a year elapsed between the filing of the Complaint and the filing of Plaintiff's amended motion for leave to file an amended Complaint, and Plaintiff actively litigated the case throughout that time, but took no action to address the fact that neither Local 673 nor Local 38 had appeared in this action.

Based on the record before her, the Magistrate Judge had no basis to allow Plaintiff to file an Amended Complaint against Local 38.  Plaintiff had not raised any of the relevant issues to the Court.

In Plaintiff's subsequent Rule 59(e) motion, now construed as a motion for reconsideration, Plaintiff makes a number of arguments about relation back and notice to Local 38.  These arguments are made by Plaintiff for the first time in this case.  Magistrate Judge Waldor correctly ruled that Plaintiff had not demonstrated a basis to reconsider her decision under Third Circuit law.

Plaintiff next argues that the Magistrate Judge's recommendation with regard to the NJLAD claim rests on a mistake of fact: the Magistrate Judge erred in finding that the proposed Amended Complaint did not plead sufficient facts to support a NJLAD claim against NALC.  This Court reviews the Magistrate Judge's recommendation *de novo*.  In brief, the Magistrate Judge concluded that the proposed Amended Complaint did not plead sufficient facts to support a NJLAD claim against a labor union.  Plaintiff, on reconsideration, points to paragraphs 38 through 40 in the proposed Amended Complaint.  This Court has reviewed the proposed Amended Complaint and agrees with the Magistrate Judge that the proposed Amended Complaint did not plead sufficient facts to support a NJLAD claim against a labor union.  The Magistrate Judge did not err in this decision.

This Court has reviewed *de novo* both the initial Report and Recommendation of the

Magistrate Judge, which denied Plaintiff's motion for leave to amend the Complaint, as well as the subsequent Report and Recommendation, which denied Plaintiff's motion for reconsideration. Both decisions are correct, and this Court will adopt Magistrate Judge Waldor's Report and Recommendation filed August 16, 2016 as the Opinion of this Court. Plaintiff's motion to amend the Complaint (Docket Entry No. 35) is hereby denied. Plaintiff has not filed an appeal of the Magistrate Judge's decision to the District Court. The time to do so has run, and so the decision is now final.

      s/ Stanley R. Chesler
      Stanley R. Chesler, U.S.D.J.

Dated: June 13, 2017